IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KELVIN JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 04-AR-10-S |
| ) | |
| MR. JAMES DELOACH, Warden, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF OPINION**

Kelvin Johnson, a convicted prisoner in the custody of the Alabama Department of Corrections, has filed a *pro se* complaint in this Court. Plaintiff's "Complaint" (Document #1, at 1) is styled in memorandum form and is directed "To: Mr. James Deloach, Warden [of Draper Correctional Facility.]" In the body of the complaint, plaintiff claims that Corrections Officer Smith threatened to (and perhaps did) falsely charge plaintiff with masturbating because plaintiff had previously won the dismissal of another masturbation charge filed against him by Officer Smith. *Id.* at 2. Plaintiff claims that Officer Smith also has a history of falsely charging inmates with masturbating. *Id.* Plaintiff contends that Officer Smith's behavior violates numerous provisions of Alabama Department of Corrections' Administrative Regulation #208. *Id.*

For relief, plaintiff asks that "immediate action" be taken to: (1) implement Administrative Regulation #208, (2) indefinitely assign Officer Smith to guard tower duty to prevent Smith from filing any more false charges, (3) direct Smith to undergo psychological counseling, and (3) terminate and dismiss "any and all disciplinaries/citations" filed against plaintiff as a result of the incident. *Id.* at 3. If said relief "cannot be obtained," plaintiff moves for an immediate transfer to another penal institution. *Id.*

In the certificate of service attached to the complaint, plaintiff attests that he sent copies of the complaint to the following "parties:" Warden James Deloach, who is located in Elmore, Alabama, and Commissioner Donal Campbell, Alabama Personnel Department, Hugo L. Black, Governor Bob Riley, and the Federal Bureau of Investigation, all of whom are located in the Middle District, except for Hugo L. Black, who is a deceased United States Supreme Court Judge. *Id.* at 2-3.

## DISCUSSION

District courts are to construe claims made by pro-se plaintiffs in a liberal fashion. Applying such a standard of review in this case, plaintiff's complaint reveals claims against defendants that are grounded in the First and Fourteenth Amendments to the United States Constitution. As a remedy for said constitutional claims, plaintiff requests injunctive relief, including the termination or dismissal of any disciplinary action against him as a result of the incident about which he complains. Said claims and the requested relief implicate both a civil rights action pursuant to 42 U.S.C. §1983, and a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Thus, plaintiff's complaint shall be construed as a civil rights complaint and a petition for writ of habeas corpus.

To the extent plaintiff's complaint is a civil rights action, venue is not proper in the Northern District of Alabama. Proper venue for civil rights actions is governed by 28 U.S.C. §1391(b), the general venue statute applicable to federal district courts, which reads:

> A civil action wherein jurisdiction is not founded solely upon diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Further, to the extent plaintiff's complaint is a petition for writ of habeas corpus, venue is governed by 28 U.S.C. 2241(d), which reads:

> (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Plaintiff is housed at Draper Correctional Facility in Elmore County, Alabama. Further, defendant Deloach is also at Draper Correctional Facility, and all remaining defendants are located in Montgomery County, Alabama. All actions giving rise to this complaint occurred in Elmore County, Alabama. Elmore and Montgomery counties are within the purview of the United States District Court for the Middle District of Alabama. Therefore, because all defendants are located in the Middle District, and the incident which gave rise to plaintiff's complaint occurred in that district, only the United States District Court for the Middle District of Alabama provides the proper venue for plaintiff's civil rights action. 28 U.S.C. §1391(b). Moreover, although the county of plaintiff's conviction is unknown, his incarceration in Elmore County, Alabama, when viewed in conjunction with the location of the defendants and underlying factual allegations, convinces this Court that, to the extent plaintiff's complaint is a petition for writ of habeas corpus, venue is proper in the United States District Court for the Middle District of Alabama. 28 U.S.C. §2241(d).

For the above reasons, transfer of plaintiff's civil rights action to the Middle District of Alabama would result in a more convenient and efficient resolution of the issues presented by plaintiff. 28 U.S.C. §1404(a). Additionally, in the interest of justice, plaintiff's petition for writ of

3

plaintiff. 28 U.S.C. §1404(a). Additionally, in the interest of justice, plaintiff's petition for writ of habeas corpus should be transferred to the Middle District of Alabama. 28 U.S.C. §2241(d). Therefore, this action is due to be TRANSFERRED to the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. §1404(a) and 28 U.S.C. §2241(d).[1]

An appropriate Order shall be entered.

The Clerk is DIRECTED to serve a copy of this Memorandum of Opinion on plaintiff.

DATED this 26th day of January, 2004.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that plaintiff has failed to file an application to proceed *in forma pauperis* along with his complaint. However, in light of the April 1996 revisions to 28 U.S.C. §1915 and under the circumstances of this case, this Court makes no determination regarding deficiencies in plaintiff's complaint, as the assessment and collection of any filing fee should be undertaken by the United States District Court for the Middle District of Alabama.